IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| PORT PENN HUNTING LODGE ASSOCIATION, a Delaware General Partnership, | § § § § | No. 235, 2019 |
| Petitioner-Below, Appellant, | § § § § | Court Below: Court of Chancery |
| v. | § § | of the State of Delaware |
| MATTHEW S. MEYER, individually and in his official capacity as the County Executive for New Castle County, NEW CASTLE COUNTY, a political subdivision of the State of Delaware, TRACY SURLES, individually and in her official capacity as the General Manager of Special Services for New Castle County, MARY A. JACOBSON, individually and in her official capacity as Legal Counsel to the Department of Land Use for New Castle County, RICHARD E. HALL, individually and in his official capacity as the General Manager of the Department of Land Use for New Castle County, | § § § § § § § § § § § § § § § § § § § § | C.A. No. 2018-0328 TMR |
| Respondents-Below, Appellees. | § § | |

Submitted: November 13, 2019
Decided: November 18, 2019

Before **VALIHURA**, **VAUGHN** and **TRAYNOR**, Justices.

This 18th day of November, 2019, having considered this matter on the briefs and

oral arguments of the parties and the record below, and having concluded that the same

should be affirmed on the basis of and for the reasons assigned by the Court of Chancery in its Memorandum Opinion dated May 9, 2019;

NOW, THEREFORE, IT IS ORDERED that the judgment of the Court of Chancery be, and the same hereby is, AFFIRMED.[1]

BY THE COURT:

/s/ Karen L. Valihura
Justice

---

[1] We note that the Court of Chancery rejected Appellant's regulatory taking argument because of Appellant's failure to exhaust administrative remedies. *Port Penn Hunting Lodge Ass'n v. Meyer*, 2019 WL 2077600, at *7 (Del. Ch. May 9, 2019) (observing that, "Section 40.31.600 of New Castle County's Unified Development Code requires a petitioner pursuing a Takings claim to first pursue the administrative remedy of a beneficial use appeal with the New Castle County Board of Adjustment."). In defending the court's rejection of Appellant's "takings" claim, the County argued to this Court in its brief that, "Port Penn, however, does not allege that it has been denied all economically viable use of the land because it cannot – it may unquestionably develop its property using septic systems." Answering Br. at 27. At oral argument, the County raised new facts on this issue which contradict these statements in its briefing. For example, it advised this Court that it has enacted a moratorium on the installation of septic systems. *See* Oral Argument Video at 19:26–19:38, https://livestream.com/accounts/5969852/events/8882479/videos/198891718 (informing the Court that Appellant cannot currently develop the property with individual septic systems because "the County Council has passed a moratorium on those . . . ."). The new facts raised at oral argument are not technically part of the record before us, and so we do not consider them. They may be relevant in any further administrative proceedings before the New Castle Board of Adjustment.